IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLIFTON WILLIAMS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **03-505-GPM** |
| ) | |
| **C/O ROWLAND, SGT. CHILDERS,** ) | |
| **SGT. ALBERT, C/O HOLDER, and** ) | |
| **C/O HALL,** ) | |
| ) | |
| Defendants. ) | |

### ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court for purposes of docket control.

There is some confusion about plaintiff's current address.  When he first filed suit, plaintiff was an inmate at Pontiac Correctional Center.  Between the filing of the complaint and the order granting his motion for leave to proceed in forma pauperis, plaintiff was evidently paroled.  In March, 2004, the IDOC notified the Court that plaintiff's last known address was 14928 Hoyne Street, Apt. 2, Harvey, Illinois 60426.  **See, Doc. 5**.  The Court began using that address, but every piece of mail sent to the Hoyne Street address has been returned as undeliverable.  Plaintiff has never notified the Court of a change of address, and it is uncertain whether the last known address given by the IDOC was a good address for him.

Plaintiff has another case pending in this Court, case number 03-516-GPM.  Plaintiff's name in that case is listed as "Clifford Williams Bey," but he uses the same inmate number, and the two complaints set forth the same set of facts.  Some of the claims in the two lawsuits are identical, for instance, the claim that Hall and Albert retaliated against plaintiff by denying him breakfast is made in both cases.  Plaintiff's pleadings in case number 03-516-GPM indicate that, as of August, 2005, Plaintiff was back at Pontiac.  **See, Doc. 21 in case number 03-516-GPM.**

In the instant case, the assistant attorney general who represents defendants has sent service copies of pleadings to plaintiff at Pontiac, and, most recently, to plaintiff at Western Correctional Center. However, plaintiff has never filed a change of address in this case, and his address of record remains Pontiac Correctional Center.

Plaintiff has not filed anything in this case since August, 2003. Although dismissal for failure to prosecute is arguably proper here, the Court is reluctant to dismiss on that basis because there has never been any confirmation from plaintiff that his address was changed to Hoyne Street.

The Court hereby **directs the Clerk of Court** to correct the docket sheet to show that plaintiff's address of record is Pontiac Correctional Center, and to mail copies of its previous Orders **(Docs. 3, 6, and 20)**, a copy of this Order, and a copy of the docket sheet to plaintiff at Pontiac Correctional Center.

The Court orders defendants' attorney to serve copies of his most recent pleadings **(Docs. 23 and 24)** upon plaintiff at Pontiac Correctional Center.

The Court grants plaintiff additional time, up to and including **June 12, 2006**, in which to file responses to defendants' pending motions to dismiss.

**<u>Plaintiff is warned that failure to keep the Court informed of his address will result in this case being dismissed for failure to prosecute.</u>**

**IT IS SO ORDERED.**

**DATE: May 18, 2006.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

2