IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLIFTON WILLIAMS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **03-505-GPM** |
| | ) |
| **C/O ROWLAND, SGT. CHILDERS,** | ) |
| **SGT. ALBERT, C/O HOLDER, and** | ) |
| **C/O HALL,** | ) |
| | ) |
| Defendants. | ) |

### REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to Chief Judge G. Patrick Murphy pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court are Defendants' Motion to Dismiss Plaintiff's Complaint, filed by defendants Rowland, Childers, Albert, and Holder, and Defendant's Motion to Dismiss Plaintiff's Complaint, filed by defendant Hall. **(Docs. 14 and 23)**.

Plaintiff is an inmate in the custody of the IDOC. He claims that his Eighth Amendment rights were violated in 2002 while he was incarcerated at Menard Correctional Center. He alleges that he witnessed correctional officers Childers and Holder beat an inmate in June, 2002. Plaintiff gave statements to Internal Affairs and to the Illinois State Police. Thereafter, defendants retaliated against him. Childers and Holder threatened him. Rowland wrote a false disciplinary report on September 26, 2002, charging plaintiff with assaulting him with a broken light bulb. Plaintiff was found guilty and lost good conduct time as a result of the disciplinary report. Hall and Albert denied plaintiff breakfast on an unspecified number of occassions. Plaintiff also alleges that he was held in a "stripped out" cell without running water, sheets,

1

hygiene products, mattress, toilet paper, or access to recreation or to the law library for over fifteen days. **Doc. 1, ¶12.** He does not specify who was responsible for placing or maintaining him in these conditions.

The Court first notes that plaintiff has made similar, if not identical, allegations, in another lawsuit in this district, case number 03-516. The claim set forth in case number 03-516 was originally stated as part of a putative class action in case number 02-1232. Chief Judge Murphy denied class status, dismissed the complaint filed under case number 02-1232, and directed the clerk to open a new case for each of the plaintiffs in that case. Plaintiff's claim was then assigned case number 03-516.

The record is complicated somewhat by the fact that the original complaint in 02-1232 stated Clifton Williams' name as "Clifford Williams Bey." Therefore, 03-516 was opened under the name "Clifford Williams Bey." Later pleadings filed by the plaintiff in 03-516 bear the name "Clifton Williams" and the same inmate number as the plaintiff in the instant case, i.e., B-54232. Thus, it is clear that the same individual is the plaintiff in both 03-516 and in this case.

The record is further complicated by plaintiff's failure to keep the Court informed of his correct address. After mail sent to Williams at Pontiac Correctional Center was returned, the IDOC informed the Court that he had been paroled on February 5, 2004, and that his last known address was in Harvey, Illinois. **See, Doc. 5**. Mail sent to the Harvey address has also been returned. **See, Docs. 19, 20, and 22**. On June 7, 2006, plaintiff belatedly notified the Court of his current address (Western Illinois Correctional Center) and filed a response to the motions to dismiss. **(Docs. 29 and 30)**.

Defendants raise only one point in their motions to dismiss. They argue that the

complaint must be dismissed pursuant to **Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994)**. Plaintiff asserts that he lost good conduct credit as part of the punishment imposed when he was found guilty on the disciplinary report written by Rowland. Unless the finding of guilty is overturned, plaintiff cannot proceed on a claim that the disciplinary report was false.

In his response, plaintiff acknowledges the validity of the argument with respect to his claim against Rowland. He requests that the claim against Rowland be dismissed. **See, Doc. 30**. However, plaintiff argues that his claims against Holder, Hall and Albert are not precluded by **Heck**.

As is outlined above, the compliant alleges that only Hall and Albert denied plaintiff breakfast on an unspecified number of occasions. **Doc. 1, ¶5.** The complaint states that the date of the occurrence is "June 2002 to April 2003." The denial of breakfast is unrelated to the disciplinary report. The claim stated in the complaint against Holder and Childers is that they threatened plaintiff. **See, Doc. 1, ¶1.** Arguably, the complaint does not even state a constitutional claim against Holder or Childers. **See, *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)** (verbal harassment does not constitute cruel and unusual punishment). However, defendants have not raised that argument here.

The Court notes that, in his response to the motion to dismiss, plaintiff states that Holder, Hall, and Albert denied him food and also were responsible for the deprivations he suffered while in the stripped out cell, as stated in paragraph 12 of his complaint. However, the complaint itself does not specify who was responsible for these conditions in the stripped out cell. Plaintiff cannot amend his complaint through arguments made in a response to a motion to dismiss. ***Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Griffin v. Potter*, 356**

**F.3d 824, 830 (7th Cir. 2004).**

Lastly, the Court notes that, in case number 03-516, defendants' motion for summary judgment was granted on the ground that plaintiff failed to exhaust administrative remedies as to the claim for denial of breakfast. If, in fact, the claim for denial of breakfast advanced in this case is the same as the claim set forth in 03-516, failure to exhaust would bar the claim in this case as well. Again, however, defendants have not raised the issue of exhaustion in this case.

## Recommendation

This Court recommends that Defendants' Motion to Dismiss Plaintiff's Complaint, filed by defendants Rowland, Childers, Albert, and Holder **(Doc. 14)** be **GRANTED as to defendant Rowland only**, and that Rowland be dismissed without prejudice. The motion should be **DENIED as to the other defendants**. Defendant Hall's Motion to Dismiss Plaintiff's Complaint **(Doc. 23)** should be **DENIED**.

Objections to this Report and Recommendation must be filed on or before July 10, 2006.

**DATE: June 20, 2006**.

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**