IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLIFTON WILLIAMS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **03-505-CJP**[1] |
| ) | |
| **SGT. CHILDERS,** ) | |
| **SGT. ALBERT, C/O HOLDER, and** ) | |
| **C/O HALL,** ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM and ORDER</u>

**PROUD, Magistrate Judge:**

Before the Court is Defendants' Motion for Summary Judgment, filed by Childers, Albert, Holder, and Hall. **(Doc. 45)**. Defendants served on plaintiff the notice required by ***Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982)**. **See, Doc. 47.** Plaintiff filed a response, **Doc. 48.**

Plaintiff is an inmate in the custody of the IDOC. He claims that his Eighth Amendment rights were violated in 2002 while he was incarcerated at Menard Correctional Center. He alleges that he witnessed correctional officers Childers and Holder beat an inmate in June, 2002, and that he gave statements about the incident to Internal Affairs and to the Illinois State Police. He filed a grievance on July 30, 2002, in which he stated that he was being intimidated and threatened. He alleges that, the whole time "this investigation" was taking place, defendants Holder and Childers threatened him.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), upon the consent of the parties, this case has been referred to the undersigned United States Magistrate Judge for final resolution. See, Docs. 37 & 40.

The following claims are now pending:

- Count 1, against Childers and Holder for threatening plaintiff  **(Doc. 1, ¶ 2)**;

- Count 2, against Hall and Albert for denying plaintiff breakfast on an unspecified number of occasions.  **(Doc. 1, ¶ 5)**;

- Count 3, against unspecified defendants, for placing plaintiff was in a "stripped out" cell without running water, sheets, hygiene products, mattress, toilet paper, or access to recreation or to the law library for over fifteen days.  **(Paragraph ¶12).**

Plaintiff makes similar, if not identical, allegations, in another lawsuit in this District, case number 03-516.  That case is pending.

### Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  **Fed.R.Civ.P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).**  The Court must construe the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in favor of that party.  **See,** *Anderson v. Liberty Lobby Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986)**.

Once the moving party has produced evidence to show that it is entitled to summary judgment, the nonmoving party must affirmatively demonstrate that a genuine issue of material fact remains for trial.  *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir.1996).**  In responding to a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in the pleadings.  "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."  *Lujan v. National Wildlife Federation*, **497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).**

A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," ***Anderson*, 477 U.S. at 247, 106 S.Ct. at 2510**, or by "some metaphysical doubt as to the material facts," ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986)**. Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence Summary judgment is not barred by the mere existence of some factual dispute. ***Anderson*, 477 U.S. at 248; see also, *JPM Inc. v. John Deere Industrial Equipment Company*, 94 F.3d 270, 273 (7th Cir. 1996)**. Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. ***Clifton v. Schafer*, 969 F. 278, 281 (7th Cir. 1992)**.

## Analysis

### Count 1

Defendants argue that they are entitled to judgment on Count 1 because making mere threats, without taking negative action against plaintiff, does not constitute actionable retaliation.

Retaliatory acts need not, in and of themselves, offend the constitution in order to be actionable. ***DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000)**; ***Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000)**. Defendants assert, without citation to any authority, that the "threat of a potential negative action is insufficient to establish a cause of action." The Court rejects this as a blanket proposition.

Defendants also argue that "the alleged actions of Childers and Holder were not likely to chill the Plaintiff's exercise of his constitutional rights." **Doc. 46, p.3.** This argument invites a

factual determination, which the Court cannot undertake on a motion for summary judgment. The facts surrounding the alleged threats by defendants have not been established. Not every passing remark made by a guard to a prisoner about the prisoner's exercise of First Amendment rights rises to the level of actionable retaliation. However, without knowing what, in anything, was said by defendants, the Court is unable to assess whether actionable retaliation occurred.

### Count 2

Defendants argue that plaintiff has failed to exhaust administrative remedies as to the claim that he was denied breakfast. Plaintiff's response does not mention this point.

In case no. 03-516, Chief Judge Murphy has already found that Williams did not exhaust administrative remedies as to this claim. **See, case no. 03-516, Doc. 42**. In this case, defendants have filed the affidavit of Jackie D. Miller, a Chairperson with the Office of Inmate Issues, which establishes that plaintiff did not exhaust a grievance about denial of breakfast. **Doc. 46, Ex. 1.** The motion must be granted as to Count 2.

### Count 3

Defendants claim that they are entitled to summary judgment on Count 3 because the alleged deprivation was of relatively short duration and did not result in any physical harm.

Plaintiff alleges in the complaint that he was "stripped out" and deprived of running water, sheets, hygiene products, mattress, toilet paper, recreation, and law library "for over fifteen days." **Doc. 1, ¶12.** Plaintiff's response to the motion and his deposition testimony, attached to Doc. 46 as Exhibit 2, make it clear that the period of time was fifteen days. In his response to defendants' motion, he states that "For fifteen days he received no access to personal property, a shower, bedding, or items needed to maintain personal hygiene." **Doc. 48, p.3.**

Plaintiff's deposition testimony also establishes that he suffered no physical injury as a result of being in a stripped out cell for fifteen days. **Doc. 46, Ex. 2.** He does not claim otherwise in his response.

Defendants' argument hones in on the constitutionality of the conditions to which plaintiff was subjected. They are correct in that the deprivation alleged by plaintiff probably does not, of itself, rise to the level of cruel and unusual treatment. Prison inmates are entitled to receive only the "minimal civilized measure of life's necessities." **Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981).** Only conditions that are "cruel and unusual under contemporary standards" violate the constitution. *Id.*

However, reading the complaint broadly, the claim is that plaintiff was held in the stripped out cell *in retaliation for exercising his First Amendment rights.* Thus, defendants are not entitled to judgment on Count 3. ***DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000)**; ***Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000)**.

### Qualified Immunity

Lastly, defendants argue generally that they are entitled to qualified immunity.

It was clearly established in 2002 that prison officials could not retaliate against inmates for the exercise of First Amendment rights. ***DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000)**; ***Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000)**. If plaintiff's allegations are true, defendants are not entitled to qualified immunity.

### Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment **(Doc. 45)** is **GRANTED in part and DENIED in part as follows**:

The motion is granted as to Count 2, the claim for denial of breakfast. That claim is dismissed without prejudice.

The motion is denied as to Counts 1 and 3.

Count 3 does not specify which defendant or defendants were responsible for holding plaintiff in the stripped out cell. The Court interprets Count 3 as pending against all four defendants. Defendants have not presented any evidence to show that any particular defendant had no involvement; thus, even though Count 2 is dismissed, Hall and Albert remain as defendants as to Count 3.

**IT IS SO ORDERED**.

DATE: September 7, 2006.

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
